IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

IN RE: VCR I, LLC

---

**DEREK A. HENDERSON**,

    *Appellant*,

v.

**UNITED STATES TRUSTEE,**

    *Appellee*.

CAUSE NO. 3:23-CV-37-CWR-LGI

## ORDER

Before the Court is Derek A. Henderson, Trustee for the Bankruptcy Estate of VCR ("Trustee")'s, *Motion to Voluntarily Dismiss Appeal with Approval of Disclosure and Resolution*. Docket No. 5. On August 18, 2023, the Court deferred ruling on the Trustee's *Motion* and directed the parties to file their merits briefs. Docket No. 8. The Court now takes up the Trustee's *Motion* and appeal in turn.

Upon review, the *Motion* is **denied**, and the Bankruptcy Court's judgment is **affirmed**.

### I.     Factual and Procedural History

The Trustee appealed the Bankruptcy Court's *Order Sustaining U.S. Trustee's Objection to Trustee's Final Report*. Docket No. 1; *see also In re: VCR I, LLC*, No. 12-02009-JAW (Bankr. S.D. Miss. Jan. 4, 2023). The events leading up the present appeal are summarized as follows.

In 2012, VCR I, LLC ("VCR") filed for bankruptcy under Chapter 11 of the Bankruptcy Code. Docket No. 1 at 5. VCR was owned by members of the Rai family and managed by Pradeep Rai. The bankruptcy court later converted the Chapter 11 bankruptcy case into a Chapter 7 liquidation case. Having converted the case to a Chapter 7 proceeding, the bankruptcy court appointed Derek A. Henderson as VCR's bankruptcy estate Trustee. The Trustee proceeded in liquidating the estate's assets, which amounted to approximately $6.8 million. *Id.* at 6. All creditors were noticed and given a deadline to file their proofs of a claim.

Before the Trustee could finalize the estate's affairs, he had to determine the owners of VCR, their ownership interests, and the dates they acquired said interests. *Id.* at 7. After a series of events (including an adversary proceeding that resulted in an Agreed Judgment and a Settlement Order resolving disputes amongst the Rai family members), the Trustee established that LULU I, LLC ("LULU")—a company formed in 2011—held 100% ownership interest in VCR.[1] The Agreed Judgment reflected the Trustee and members of the Rai family's agreement of VCR's ownership interests. *Id.* at 7.

The Settlement Order resolved the disputed proof of claims for four Rai family members. That Order allowed one proof of claim amounting to $1.3 million and a second proof of claim amounting to $2.3 million. *Id.* at 11. The Trustee further proposed to "place in escrow in the trust account of the mediator all funds remaining in the bankruptcy estate of VCR I, LLC after payment of all claims against the estate." *Id.* (internal quotations omitted). The Settlement Order did not provide that VCR's payment to LULU would be in satisfaction

---

[1] The Bankruptcy Court provided a detailed delineation of the disputes, proceedings, and settlement agreements that ultimately resulted in the Trustee's determination of VCR's ownership interests. *See* Docket No. 1 at 5-9.

2

of a debt or that LULU was a general unsecured creditor. *Id.* No administrative claims were filed, so pursuant to the Settlement Order, the Trustee paid $1.3 million and $2.3 million in satisfaction of the two proofs of claims.

In 2021, the Trustee filed a proof of claim on behalf of LULU "in an amount 'tbd' based on subordinated interest claim – Court Order dated 01/07/21." *Id.* at 12. The bankruptcy court explained that the amount could not be determined until after all VCR creditors were paid. On August 31, 2021, the Trustee filed the "Trustee Final Report" seeking $269,993.75 in compensation for disbursements totaling $8,224,791.60.

These disbursements included a payment of $2,643,066.16 to LULU. The U.S. Trustee objected to the Trustee's Final Report on grounds that he could not receive compensation for his distribution to LULU. The U.S. Trustee raised two arguments: (1) the Trustee paid LULU surplus funds that were owed to VCR but delegated to LULU pursuant to the Settlement Order and (2), as such 11 U.S.C. § 326(a), prohibits the Trustee from including the distribution to LULU in his base commission.

The bankruptcy court sustained the U.S. Trustee's objection to the Trustee's Final Report and concluded that the "Trustee's calculation of his base commission was incorrect [and] compensation based on payment to LULU should be excluded." Docket No. 1 at 32.

## II. Standard of Review

United States District Courts have jurisdiction to hear appeals from the final judgments or orders of federal Bankruptcy Courts. 28 U.S.C. § 158(a)(1). When reviewing a bankruptcy appeal, District Courts apply the same standard of review the Courts of Appeals apply when reviewing district court proceedings. *In re Salter*, 251 B.R. 689, 692 (S.D. Miss. 2000). The instant appeal presents a mixed question of law and fact, and is thus subject to *de*

*novo* review." *In re Celano*, No. 02-30162, 2002 WL 31730179, at *1 (5th Cir. Nov. 18, 2002) (stating that the bankruptcy court's denial of the Trustee's request for compensation under 11 U.S.C. § 326(a) warranted *de novo* review).

### III.   Discussion

#### A. *Trustee's Voluntary Motion to Dismiss.*

The Trustee eschews that his *Motion* is not a request for a ruling on the merits of his appeal. Docket No. 5 at 3. He urges that the *Motion* seeks only a disclosure of circumstances and resolution of matters. The *Motion* disclosed and agreed to resolution between Trustee and LULU. *Id.* at 7.  Specifically, LULU asked Trustee to "dismiss and drop the appeal." *Id.* LULU has agreed to pay the Trustee his proposed compensation directly from the mediation funds help in escrow if the Trustee voluntarily dismissed his appeal.

Whether it is proper for this Court to accept or deny the Trustee's disclosure and proposed resolution turns on whether the Bankruptcy Code permits the compensation he requests in the first place—i.e. the heart of the issue on appeal. The U.S. Trustee agrees. It asks this Court to deny the Trustees *Motion* because the Court lacks jurisdiction under 28 U.S.C. § 158(a)(1). Docket No. 6 at 5.

The Bankruptcy Code permits this Court only to hear appeals from final judgments, orders, and decrees of the bankruptcy courts. 28 U.S.C. § 158(a)(1). The Trustee's disclosure and proposed resolution with the owners of LULU I, LLC is not a final judgment, order, or decree of the bankruptcy court. It is a private agreement between the Trustee and LULU.

Fed. R. Bankr. P. 8023(b) allows for voluntary dismissal of an appeal. It provides that "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the district or BAP." Fed. R. Bankr. P. 8023(b). Even still, the 2022 Amendment to

4

Rule 8023 informs that Rule 8023(b) "does not alter the legal requirements governing court approval of a settlement, payment, or other consideration." Contrary to the Trustee's belief that his *Motion* does not seek a ruling on the merits of his appeal, resolving the payment dispute *requires* a determination on the merits.

It is beyond the scope of this Court's jurisdiction to grant the Trustee's requested relief. For that reason, the Trustee's *Motion to Dismiss* is denied with prejudice, and the Court declines to approve of the disclosure and resolution therein.

### *B. Trustee's Appeal of Order Sustaining Objection to Trustee's Compensation.*

Next, the Court turns to the merits of the Trustee's appeal, which presents two primary issues: (1) Whether distributing surplus funds to LULU equated to paying surplus funds to a *debtor* under 11 U.S.C. § 726(6); and (2) Whether the Bankruptcy Court erred in prohibiting the Trustee from including the distribution to LULU in his calculation of commission pursuant 11 U.S.C. § 326(a).

Having read the Bankruptcy Court's thorough Order, Docket No. 1 at 2, as well as the parties' briefs on appeal, the Court agrees with the Bankruptcy Court's finding that the Trustee improperly included the LULU disbursement in his base commission calculation.

#### *1. Disbursement of Surplus Funds to LULU.*

The Court agrees that LULU functionally stands in lieu of VCR. The Bankruptcy Code limits the commission a bankruptcy court may award a trustee "by setting a maximum limit on the trustee's compensation." *In re Celano*, 2002 WL 31730179, at *2; *see also* 11 U.S.C. § 326(a). It specifically limits a trustee's compensation based on "all moneys disbursed . . . to parties in interest, *excluding the debtor*, but including holders of secure claims." *Id.* § 326(a). The Code further provides a hierarchy for disbursing estate assets. *Id.* § 726(1)-(6). Notably,

"property of the estate shall be distributed . . . sixth, to the debtor." *Id.* § 726(6). Once an "estate has been fully administered . . . the debtor is entitled to receive the remaining assets." *In re First Colonial Corp. of Am.*, 693 F.2d 447, 450 (5th Cir. 1982).

It is undisputed that LULU is not the debtor. But because LULU owns 100% interest in VCR—a dissolved company—it functionally stands in lieu of the debtor for purposes of 11 U.S.C. § 726(6). Both the Agreed Judgement and Settlement Order made clear that the funds remaining in the estate—after all claims against the estate were settled—are to be paid to LULU. In relevant part, the Agreed Judgment provides: "When the Trustee is prepared to make *final distribution of the estate funds to LULU*, as holder of the allowed interests in VCR, LULU is ready, willing and able to receive it." Docket No. 1 at 9. Similarly, the Settlement Order provides: "All funds remaining in [VCR] after payment of all claims against the estate, which will be subordinated payment to [LULU], shall be placed in escrow." *Id.* at 14.

After VCR's creditors were paid, the remaining funds constituted surplus funds to be paid to VCR pursuant to § 726(6). *See In re Reed*, 312 B.R. 832, 834 (N.D. Tex. 2004) (funds remaining in an estate after distribution to creditors are surplus funds "for distribution to the Debtor"). But because VCR is dissolved, the surplus funds could not be distributed to the debtor. The Trustee, for his part, contemplated this possibility. Accordingly, he and the parties agreed that the final distribution of the estate (i.e. surplus funds) will go to LULU in lieu of the now-dissolved debtor. If VCR never dissolved, as the debtor, it would have received the remaining monies.

A distribution to LULU does not somehow change the nature of the funds distributed nor reframe the intention to disburse all remaining funds to the debtor. The fact that LULU has no connection with the bankruptcy case beyond its ownership in VCR further supports

the Courts affirmance that LULU functionally stood in lieu of VCR to receive its surplus proceeds. *See* Docket No. 12-1 at 222. Indeed, if LULU was not a stand-in for VCR, the Trustee would not have been authorized to distribute the surplus proceeds to LULU. *See* Docket No. 1 at 19.

Although our circuit has not yet grappled with this precise issue, the Bankruptcy Court for the District of Columbia offers some guidance in *In re Nat'l Emergency Med. Ass'n*. No. 19-00026, 2020 WL 3167696, at *1 (Bankr. D.C. June 11, 2020). There, the bankruptcy court found that "in lieu of the debtor, three nonprofit entities . . . shall receive the surplus estate funds remaining in the case after payment of allowed claims of creditors and allowed administrative claims." *Id.* In *In re Nat'l Emergency Med. Ass'n*, the debtor association dissolved before surplus distributions were to commence. *Id.* State law required the continued use of the debtor's assets for charitable purposes. *Id.* at *2. The parties, therefore, executed an Agreed Order approving the distribution of surplus funds to three nonprofit entities. *Id.* The court reasoned that the three nonprofit entities stood "in lieu of the debtor" to use its assets to continue serving its charitable purposes. *Id.*

Here, VCR dissolved before the distribution of surplus funds commenced. The parties executed an Agreed Judgment and Settlement Order providing that all final distributions of VCR's assets were to be distributed to LULU. At the hearing on the Trustee's Final Report, the Trustee explained that the parties agreed to disburse all final distributions to LULU to allow the owners of LULU to "work . . . out" who should get what portion of the final disbursements owed to VCR.[2] Docket No. 12-1 at 220-21. LULU essentially serves as the

---

[2] The Court notes that some of the previous owners of VCR became owners of LULU when it formed in 2011.

holder of VCR's surplus funds to allow the feuding Rai family to determine who should get what portion of the surplus funds owed to the now-dissolved VCR. It is, therefore, clear that LULU stands in lieu of the debtor.

### 2. *Trustee's Computation of Commission.*

11 U.S.C. § 326(a) specifically limits a trustee's compensation base to "all moneys disbursed . . . to parties in interest, *excluding the debtor*, but including holders of secure claims." *Id.* § 326(a). Because LULU stands in lieu of VCR—the debtor, the Trustee is precluded from commission based on the disbursement of surplus funds to LULU. He is, therefore, not entitled to receiving a commission on the $2,643,066.16 surplus disbursement to LULU.

## IV. Conclusion

For the foregoing reasons, the *Voluntary Motion to Dismiss* is **DENIED WITH PREJUDICE** and the judgment of the Bankruptcy Court is **AFFIRMED**.

A separate final judgment will issue.

**SO ORDERED**, this the 30th day of March, 2024.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE