## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| **IN RE: VCR I, LLC** _____ **DEREK A. HENDERSON**, *Appellant*, *v.* **UNITED STATES TRUSTEE**, *Appellee.* | CAUSE NO. 3:23-CV-37-CWR-LGI |

### ORDER

Before the Court is a motion for rehearing filed by Derek A. Henderson, Trustee for the Bankruptcy Estate of VCR ("Trustee"). Docket No. 17. For the reasons discussed below, the motion will be denied.

### I.  Factual and Procedural History

The facts here are undisputed. VCR I, LLC ("VCR") filed for bankruptcy under Chapter 11 of the Bankruptcy Code in 2012. The bankruptcy court converted the case into a Chapter 7 liquidation, then appointed Derek A. Henderson as Trustee. After years of litigation, the Trustee created LULU I, LLC ("LULU") to receive a 100 percent interest in VCR after VCR's dissolution.

The Trustee prepared and submitted a final report in conjunction with the bankruptcy case. The United States Trustee, however, objected. The bankruptcy court sustained that

objection, and the Trustee appealed here. Docket No. 1; *see also In re: VCR I, LLC*, No. 12-2009-JAW (Bankr. S.D. Miss. Jan. 4, 2023).

This Court previously upheld the bankruptcy's court decision. Docket No. 15. The Trustee has now moved for rehearing.

## II.    Standard of Review

Federal Rule of Bankruptcy Procedure 8022(a)(2) states that motions for a rehearing "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." The purpose of a motion filed under Rule 8022 is to "correct a mistaken use of facts or law in the prior decision." *In re Mar. Commc'ns. /Land Mobile L.L.C.*, 745 F. App'x 561, 562 (5th Cir. 2018).

## III.    Discussion

The Trustee submits that the Court erred in four ways: (1) failing to explain why LULU is not a party in interest, (2) failing to honor the settlement agreement, (3) ignoring whether it had a subordinated claim, and (4) considering statements not in the record. These arguments can be further distilled into two questions: (1) did the Court properly consider whether LULU qualifies as a party in interest and, (2) did the Court properly consider whether the settlement agreement exempted LULU's claims from 11 U.S.C. § 726's order of precedence? The Court will address those questions in turn.

### A.    The Court Considered Whether LULU Qualifies as a Party in Interest.

The Trustee says it was necessary for the Court to consider whether LULU qualifies as a "party in interest" under 11 U.S.C. § 326. In his view, LULU does, so the payment to LULU should be considered in his compensation. The United States Trustee disagrees. He

asserts that the relevant question is not whether LULU is a party in interest, but whether LULU is receiving the debtor's distribution—which is forbidden under § 326.

A bankruptcy trustee's compensation is limited by 11 U.S.C. § 326(a), which provides that a trustee is entitled to a percentage of "all moneys disbursed or turned over in the case by the trustee to the parties in interest, excluding the debtor, but including holders of secured claims."

The bankruptcy court determined that LULU was not a party in interest under the statute because LULU stands in the place of VCR. This Court conducted its own inquiry and reached the same conclusion. LULU's interest in this lawsuit arose because of its ownership interest in VCR—the dissolved debtor. If VCR remained in existence, the Trustee would not be entitled to collect any funds from VCR because VCR is the debtor. 11 U.S.C. § 326(a); *see also In re Nat'l Emergency Med. Ass'n*, No. 19-00026, 2020 WL 3167696 (Bankr. D.C. June 11, 2020). The Trustee now argues that the formal separation between LULU and VCR allows LULU to qualify as a person in interest. The Court disagrees. LULU is receiving the surplus proceeds that would have otherwise gone to VCR; LULU has no separate claim to these proceeds.

On this basis, the Court reaffirms its ruling that LULU is not a party in interest under § 326(a). Appellant's motion is denied on this ground.

**B.     The Settlement Agreement Does Not Affect § 726's Order of Precedence.**

The Trustee further argues that the Court ignored whether LULU has a subordinated claim under 11 U.S.C. § 510. He says § 510 allows subordinated claims to be distributed outside of § 726's order of precedence.

The distribution of property following a bankruptcy is generally governed by the order of precedence outlined in § 726. The Code, however, contains an exception for claims "arising from a recission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under [the statute] on account of such a claim." 11 U.S.C. § 510. A claim falling into those categories is "subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security." *Id.*

According to the Trustee, the bankruptcy court determined that LULU had a subordinated claim. He grounds this argument in a portion of the bankruptcy court's order that stated, "All funds remaining in the bankruptcy estate of [VCR] after payment of all claims against the estate, which will be the subordinated payment to [LULU], shall be placed in escrow" until the funds could be finally distributed. Docket No. 2-3 at 47. The Trustee maintains that this reflects the parties' and the bankruptcy court's understanding that LULU's claim was a subordinated one under § 510.

The Court is still not persuaded. It is undisputed that LULU's entitlement to the funds arose solely from receiving a 100 percent ownership interest in VCR following its dissolution. *See* Docket No. 2-3 at 72. As the bankruptcy court noted, LULU "is an equity security holder." Docket No. 1-1 at 23. Therefore, "the payment in question must be deemed a distribution to VCR under § 726(a)(6) to avoid skipping the payment of claims in a higher priority class." *Id.*

Even assuming that LULU's claim may be properly categorized as a subordinated claim, LULU's order of distribution remains the same. According to the bankruptcy court's order, LULU's right to receive funds arises only "after payment of all claims against the estate." Docket No. 2-3 at 47. This language contemplates that LULU would be the last to

4

receive funds, which, effectively, places it in the same place as if it received the distribution under § 726(a)(6). LULU may not now "skip" other creditors to ensure funds remain to distribute to the Trustee. The Trustee's motion for rehearing is, therefore, also denied on this ground.

## IV.   Conclusion

The Court has considered all of the parties' arguments. Those arguments not addressed would not have altered the Court's decision. For the foregoing reasons, the Rule 8022 motion for rehearing is denied.

**SO ORDERED**, this the 31st day of March, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE